# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

v.                                     **CRIMINAL ACTION NO. 5:05CR-11-TBR-1**

**LEVI MENDIVIL VEGA**
**AKA EMMANUEL PEREZ RAMOS**                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *pro se* motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 filed by Defendant Levi Mendivil Vega AKA Emmanuel Perez Ramos (DN 363). Defendant argues that he is entitled to relief under the recent Supreme Court decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). The United States filed a sealed objection (DN 369), and Defendant did not file a reply. For the reasons that follow, Defendant's motion to reduce his sentence will be denied.

On October 22, 2008, Defendant pleaded guilty to Count 1 of the Superseding Indictment pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. The agreement contained guideline calculations to include a base offense level of 36 under U.S.S.G. § 2D1.1(C)(3). The agreement did not include a criminal history category but stipulated a sentence of 188 months' imprisonment. After adjustments were made for Defendant's supervisory role and acceptance of responsibility, the Court determined a total offense level of 37 and criminal history category of III, resulting in a sentencing range of 262 to 327 months. The Court then imposed the below guideline term of 188 months' imprisonment pursuant to the binding plea agreement.

Defendant filed a prior § 3582 motion seeking a reduction of his sentence under Amendment 782 (DN 337). In response, the United States argued that a reduction was not

authorized because the original sentence was imposed pursuant to a binding plea agreement that was not based on the sentencing guidelines (DN 341).

In its Order denying the prior motion, the Court found that it appeared that the binding agreement was based on the guidelines (DN 344). Nevertheless, the Court found that Defendant was not eligible for a reduction because under Amendment 782, the total offense level would be 35 and the sentencing range 210 to 262 months. The Court stated that, pursuant to U.S.S.G. § 1B1.10(b)(2)(A), "except as provided in Subsection (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." The Court found that the 188-month sentence originally imposed was below the lowest end of the amended range under Amendment 782, and Defendant was, therefore, not eligible for a reduction.

In the instant motion for a reduction of sentence, Defendant now cites the *Hughes* decision as grounds for a reduction. In *Hughes*, the Supreme Court considered whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C). *Hughes*, 138 S. Ct. at 1773. The Court explained, "[i]n a Type-C agreement the Government and a defendant 'agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply,' and 'such a recommendation or request binds the court once the court accepts the plea agreement.'" *Id*. (quoting Fed. R. Crim. P. 11(c)(1)(C)). The Supreme Court held that the defendant was entitled to a reduction because the sentencing court accepted the Type-C

agreement after concluding the sentence was compatible with the sentencing guidelines, which were subsequently lowered by the Sentencing Commission. *Id*. at 1778. Defendant argues that since he was sentenced under Fed. R. Crim. P. 11(c)(1)(C) agreement, *Hughes* now makes him eligible for relief under Amendment 782.

However, as argued by the United States, Defendant ignores the Court's reasoning in its Order denying his prior § 3582 motion. The Court denied his motion because Defendant's 188-month sentence was below the amended guideline range of 210 to 262 months. The *Hughes* decision has no bearing on the Court's finding Defendant ineligible for a reduction. Therefore, the Court again finds that Defendant is not entitled to a reduction of his sentence. Further, the 188-month sentence imposed remains sufficient, but not greater than necessary to satisfy the purposes of sentencing. Accordingly,

**IT IS ORDERED** that Defendant's motion for reduction of his sentence (DN 363) is **DENIED**.

Date: January 24, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Defendant, *pro se*
      U.S. Attorney
4413.010